| | |
|---|---|
| 1 | Attorney's Name and Arizona Bar Number |
| | Attorney's Firm Name |
| 2 | Address |
| | Address |
| 3 | City, State and Zip Code |
| | Telephone Number |
| 4 | Attorney for the Debtors |

FILED

2007 JAN 23 P 2: 03

CLERK
U.S. BANKRUPTCY
COURT DISTRICT OF ARIZONA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re

[DEBTOR 1], Lisa K Hamming

and

[DEBTOR 2],

Debtors.

In Proceedings Under Chapter 13

Case No. 06-04199

**CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSE**

Creditors shall be provided for and paid as stated in this Plan regardless of the secured claim amount stated in a proof of claim. If a secured creditor does not timely file an objection to confirmation of the Plan then it is deemed to have accepted treatment of its claim under the Plan and the amount to be paid on the secured claim. 11 U.S.C. § 1325(a)(5)(A). Confirmation of the Plan binds all claimants to treatment of the claims as provided for in this Plan. The binding effect is regardless of any proof of claim which may be filed. 11 U.S.C. § 1327.

The Debtors propose the following Chapter 13 Plan:

**I. PROPERTY AND FUTURE EARNINGS.**

The Debtors shall submit the following property and future earnings to the Trustee for distribution under the Plan:

Payments: $200 per month for 60 months, starting _____ 199_.

When payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. The Debtors will cure any funding shortfall before the Plan a discharged will be entered.

The Debtors will provide the Trustee with a copy of their federal and state income tax returns for years _____ and _____ to assist Trustee in determining any changes in disposable income.

Other property: None. Excluding nonexempt property or property recovered by the Trustee, if the Debtors submit other property or funds to the Trustee in excess of amounts required by the Order Confirming the Plan, they will be treated as advance payments, unless otherwise ordered by the Court.

## II. DURATION OF THE PLAN:

The Debtors will make Plan payments for ___ months. If at any time before the end of this period all allowed claims are paid, the Plan will terminate.

## III. CLASSIFICATION AND TREATMENT OF CLAIMS.

(A) ADMINISTRATIVE EXPENSES.

(1) Trustee's compensation: The Trustee shall receive such percentage fee of Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. §586(e), but not to exceed 10%.

(2) Attorney Fees: The Debtors' attorney shall be paid $_____ prior to commencement of payments on any claim listed hereafter. **[Provide a detailed description of the attorney's work done and to be done for fee application here. See Rule 2083-11, L.R.B.P.]**

(B) CLAIMS SECURED BY REAL PROPERTY.

(1) The creditors listed below shall retain their security interest in the real property securing their claim.

(2) Regular monthly payments coming due after the filing of this Plan shall be made outside the Plan. No payment shall be deemed late and the agreement which is the basis for the claim shall not be deemed in default as a result of arrearages treated by this Plan.

(3) Arrearages shall include all payments, late charges, attorney fees and costs due at the time of filing this Plan, as well as reasonable attorney fees and costs incurred by the secured creditor in this action. The arrearages estimated below shall be adjusted to reflect actual amounts allowed. In the event that a creditor listed hereunder files an objection based solely on the arrearage figure which is stated to be estimated, that creditor shall be responsible for its own attorney fees in connection with the objection.

(4) The allowed arrearage amount shall be paid in full prior to commencement of payment on any claim listed hereafter, except as provided in this Plan or an Order confirming the Plan.

(5) The Debtors' homestead exemption in the property and in any identifiable cash proceeds from the sale of real property is allowed. The Debtors' homesteaded real property may be used in any manner, transferred, encumbered or sold without further order of the Court upon Trustee's approval. All exempt cash proceeds from the sale of the property shall become the sole property of the Debtors, and any nonexempt proceeds will be turned over to the Trustee.

| Claimant | Security | Interest rate | Est. Arrearages |
|---|---|---|---|
| [Name] | [Describe security interest] | [State rate] | [Amount] |

The Debtors estimate the value of the property to be $ _380,000_.

The Debtors estimate that the arrearages will be cured within ___ months.

(C) CLAIMS SECURED BY PERSONAL PROPERTY.

(1) <u>Payment Order</u>. Claims secured by personal property shall be paid pro rata.

(2) <u>Non-tax Secured Claims</u>. The following creditors shall retain their interest in property securing their claims. They shall be paid the lesser of the debt balance or the value of the property, together with interest at the rate specified. Upon payment of this amount, the creditor's security interest shall be released. Any unpaid balance shall be classified as an unsecured, nonpriority claim. Claims paid as secured by personal property shall be paid prior to payments on any claims listed hereafter. A secured creditor must release the lien against the property after payment of the secured amount stated in this Plan. The value of the property is the amount of the creditor's secured claim stated below. The method of valuation is [**state the method. See Rule 2083-4(a)(1), L.R.B.P.**]

Non-governmental creditors not specifically named in this paragraph are presumed to be unsecured, nonpriority claims. A creditor who files a secured claim is required to serve a copy of the claim on the Debtors' attorney and the Trustee. Rule 2083-10, L.R.B.P.

[For each secured creditor: **Creditor Name, secured by a lien in _____, shall be paid a secured claim of $_____ with \_\_\_ % interest.**]

(3) <u>Secured Tax Claims</u>.

(a) The following tax claim shall be treated as a secured claim. A creditor who files a priority claim is required to serve a copy of the claim on the Debtors' attorney and the Trustee. Rule 2083-10, L.R.B.P. A tax claimant must release all liens after the Court enters a discharge.

[For each secured creditor: **Creditor Name, secured by a lien in the Debtors' property, shall be paid a secured claim of $_____ with \_\_\_ % interest.**]

(4) <u>Property to be surrendered</u>. All stays against enforcement by the creditor of its interest in the collateral shall be vacated. Any allowable claim for a deficiency shall be treated as an unsecured claim.

Creditor_____ Property to be surrendered_____

(D) UNSECURED, PRIORITY CLAIMS.

The following claims shall be classified and paid as unsecured, priority claims and will be paid in full, without post-petition interest, after payment of any secured claims and prior to any claims listed hereafter.

All tax returns which are due have been filed except:_____. Rule 2083-5, L.R.B.P.

///

///

///

| Claimant | Nature of priority claim | Amount |
|---|---|---|
| Internal Revenue Service | [describe type of tax] | $ |
| Arizona Department of Revenue | [describe type of tax] | $ |

All other tax claims shall be classified and paid as unsecured, nonpriority claims, with any portion not paid being discharged.

(E) UNSECURED CLAIMS.

All other claims shall be classified as unsecured, nonpriority claims. Unsecured claims will be paid the balance of payments under the Plan, pro rata. Any amounts remaining unpaid shall be discharged. The amount to be paid on unsecured, nonpriority claims as stated in the attached Plan Analysis is an estimate only.

## IV. OBJECTIONS TO PLAN.

Any objections by a creditor to the Plan must be in writing and filed with the bankruptcy Court not later than the date specified in the notice. A copy of the objection must be served upon the Trustee and Debtors' counsel. If the Debtor is not represented by an attorney, then a copy must also be served upon the Debtor. If no objection is timely filed, then the creditor is deemed to have accepted treatment of its claim under the Plan.

## V. REJECTION OF LEASES OR EXECUTORY CONTRACTS.

The Debtors elect not to assume [or assume] the lease or contract with creditors named in this paragraph and shall surrender to such creditor the collateral subject to the lien or lease in full satisfaction of any and all claims, secured or unsecured creditors may have against Debtor(s) arising from the transaction creditors' interest in said property.

[Provide name of creditor, what is being accepted or rejected, and the terms, such as curing of any defaults through the Trustee.]

## VI. LIEN AVOIDANCE

The Debtors may file a separate motion to avoid a lien pursuant to § 522(f) of the Bankruptcy Code. All secured creditors, except those whose liens are avoided pursuant to § 522(f), shall retain their liens or security interests until paid as provided for by this Plan.

## VII. CLAIMS AND DEBTS.

This Plan provides for all debts, claims and security interests of the debtors whether liquidated or unliquidated, contingent or noncontingent, disputed or undisputed, listed or unlisted, and scheduled or unscheduled.

## VII. EFFECTIVE DATE AND VESTING.

The effective date of the Plan shall be the date of the order confirming the Plan. Exempt property of the estate which has been disclosed shall vest in the Debtors upon confirmation. The Debtors may use exempt property in any manner or may sell the property without further order of the Court, upon Trustee's approval.

///

- 4 -

1 | DATED: 1/23 , ~~199~~ 2007

*[signature: Lisa K Henry]*
Debtor

Debtor

Attorney for Debtors

- 5 -

## TOTAL DEBT AND ADMINISTRATIVE EXPENSES PROVIDED FOR BY THE PLAN

I. **THE CHAPTER 13 PLAN:**

A. Debtors' Unpaid Attorney Fees ................................. $_____
B. Priority Claims
      1. Taxes ................................................. $_____
      2. Other ................................................. $_____
C. Payments to Cure Defaults ..................................... $_____
D. Payments on Secured Claims .................................... $_____
E. Payments on Special Class ..................................... $_____
F. Payments on Unsecured, Nonpriority Claims ..................... $_____
G. Subtotal ..................................................... $_____
H. Trustee's Compensation ....................................... $_____
I. **Total of Plan Payments** ................................... $_____

II. **CHAPTER 7 RECONCILIATION**

A. Value of Debtors' Interest in Nonexempt Property .............. $_____
B. Value of Property Recoverable Under Avoiding Powers ........... $_____
C. Less: Estimated Chapter 7 Administrative Expenses ............. $_____
D. Less: Allowed Priority Claims ................................ $_____
E. Equals Estimated Dividend for Unsecured, Nonpriority Creditors
    Under Chapter 7 ................................................ $_____
F. Estimated Dividend to Unsecured, Nonpriority Creditors Under Plan ..... $_____
   (From I.F. above)

**IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL.**